UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JOSHUA BRANDON HILL,                    )
                                        )
            Petitioner,                 )
                                        )
v.                                      )    Nos. 2:21-CV-105
                                        )         2:19-CR-097
UNITED STATES OF AMERICA,               )
                                        )
            Respondent.                 )

**MEMORANDUM OPINION**

Before the Court is Joshua Brandon Hill's ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 75].[1] The United States has responded in opposition. [Doc. 4]. Petitioner did not file a reply, and the time for doing so has passed. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also* [Doc. 3]. The Court issued an order informing Petitioner that there were pages missing from his filing and giving him 30 days to file the missing pages. [Doc. 5]. Petitioner has not filed the missing pages or requested more time to file them. Accordingly, per the Court's prior order [Doc. 5], the Court will address Petitioner's § 2255 motion as is. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 75] will be **DENIED**.

### I.    BACKGROUND

---

[1] Document numbers not otherwise specified refer to the civil docket.

In January 2015, Petitioner and one co-defendant were charged in a three-count superseding indictment pertaining to possession with the intent to distribute 50 grams or more of methamphetamine, along with related gun charges and forfeiture allegations. [Crim. Doc. 20]. Petitioner was named in two counts. [*See id*.].

On January 6, 2020, Petitioner entered into a plea agreement with the Government. [Crim. Doc. 41]. Petitioner agreed to plead guilty to one count of knowingly, intentionally, and without authority possessing with the intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946). [*See id*.] The plea agreement was signed by Petitioner and attorney Joseph McAfee.

The Court conducted a change of plea hearing on January 21, 2020. Although there is no transcript of that hearing in the record, the Court recalls conducting its standard colloquy with Petitioner and finding him competent to enter a guilty plea.[2] The Court confirmed that Petitioner indeed wished to plead guilty. The Court also confirmed: that Petitioner had been afforded ample time to discuss the case with his attorney; that he believed that his attorney is fully aware of all the facts on which the charges were based; that counsel had explained the meaning of any words Petitioner might not have understood; that counsel had explained the terms of Petitioner's plea agreement to him; and that

---

[2] Where, as here, the same judge considering the § 2255 motion also presided over the underlying proceedings, the judge may rely on his recollections of those proceedings. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013).

Petitioner understood that his sentence would be determined *by the Court*. The Court referred Petitioner for a Presentence Investigation Report ("PSR").

The PSR calculated a total offense level of 37 and a criminal history category of II, resulting in a guideline range of 235 to 293 months. [Crim. Doc. 47, ¶ 68]. The PSR also noted that, but for Petitioner's plea agreement dismissing Count 2, he would have been exposed to a mandatory consecutive 60-month term of imprisonment. [*Id*. at ¶ 70].

The Government filed a notice of no objections to the PSR. [Crim. Doc. 50]. The Government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 and a sentencing memorandum wherein it requested the Court grant a 2-level departure. [Crim Doc. 63]. Petitioner, through counsel, also filed a notice of no objections to the PSR. [Crim. Doc. 51]. Petitioner, through counsel, filed a sentencing memorandum, requesting a sentence at the bottom of the guidelines range, discussing Petitioner's plans for the future, and providing character references. [Crim. Doc. 67].

On September 22, 2020, the Court sentenced Petitioner to a total of 188 months' imprisonment and then five years of supervised release. [Crim. Doc. 70]. Petitioner did not file a direct appeal, but on June 14, 2021, he filed this § 2255 motion.

II.    **STANDARD OF REVIEW**

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to

3

obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to

4

determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

## III. ANALYSIS

Here, Petitioner has failed to allege any error, let alone any constitutional error, which would merit vacating or amending his sentence. Despite the Government's response [Doc. 4] highlighting Petitioner's omission and the Court informing Petitioner of his failure to include a reason to vacate his sentence [Doc. 5], Petitioner has failed to provide the Court with even a scintilla of evidence to meet the threshold standard for relief. Because the burden lies with Petitioner, and Petitioner has utterly failed to meet his burden, he is not entitled to relief. Accordingly, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 75] will be **DENIED**.

## IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 75] will be **DENIED** and **DISMISSED**.

## V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

Having examined Petitioner's claims under the *Slack* standard, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right and reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

6